IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.  02-cv-2302-WDM-BNB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD P. DALY, et al.,

    Defendants.

**ORDER**

Miller, J.

This matter is before me on plaintiff United States of America's ("United States") supplemental motion for summary judgment, filed January 31, 2005.  I have considered the parties' written arguments and their tendered evidence and have determined that oral argument is not required.  For the reasons stated below, the motion will be granted.

Background

In this suit, the United States seeks to reduce to judgment unpaid federal tax assessments against defendant Richard P. Daly ("Daly") and to foreclose the federal tax liens that the United States claims encumber Daly's residence, which is titled in the name of defendant Magnolia Real Estate Investment Company ("Magnolia").  On

1

July 8, 2004, I granted in part the United States' first motion for summary judgment, finding that (1) it had made timely and valid tax assessments against Daly, (2) the notices of federal tax liens filed by the Internal Revenue Service as to the residence at 2961 S. Magnolia Way, in Denver, Colorado were not defective as to Daly, (3) Daly remained the equitable owner of the residence because defendant Magnolia held title to the residence as a nominee, and (4) the federal tax liens against Daly attached to the residence. However, based on concerns I had with the United States' documentation, I denied the United States' request for the entry of specific judgment and an order that the federal tax liens be foreclosed upon the residence. Having received leave, the United States has filed a supplemental motion for summary judgment seeking an order: (1) reducing the assessments against defendant to judgment; (2) authorizing the federal tax liens to be foreclosed upon the 2961 S. Magnolia Way residence; (3) requiring the property to be sold by a court-appointed commissioner at a judicial sale; and (4) requiring the proceeds to be first applied to the costs of the sale, and that the balance of the proceeds be distributed to the United States and any other lienholders on the property.

The undisputed facts are as follows. Defendants Daly and Magnolia (Defendants) have admitted that the following federal income tax assessments were made against defendant Daly: (1) a $9,011.40 assessment for tax year 1983 made on September 9, 1985; (2) a $4,287.92 assessment for tax year 1984 made on September 9, 1985; (3) a $4,526.35 assessment for tax year 1985 made on May 26,

1986; (4) a $4,435.84 assessment for tax year 1986 made on May 25, 1987; (5) a $3,293.00 assessment for tax year 1987 made on May 16, 1988; (6) a $2,425.00 assessment, also for tax year 1987, made on April 9, 1990; (7) a $5,021.81 assessment for tax year 1988 made on April 2, 1990; (8) a $7,385.00 assessment for tax year 1989 made on May 28, 1990; (9) a $12,182.31 assessment for tax year 1993 made on September 19, 1994; (10) an $8,405.20 assessment for tax year 1994 made on May 15, 1995; (11) a $3,995.25 assessment for tax year 1995 made on June 3, 1996; (12) a $4,968.00 assessment for tax year 1996 made on June 16, 1997; (13) an $11,349.00 assessment for tax year 1997 made on September 21, 1998; and (14) a $5,936.00 assessment for tax year 1999 made on September 18, 2000.  The United States provides the Declaration of IRS Technical Services Advisor Linda L. Andrews (the Andrews Declaration), in which Andrews indicates that, she has calculated Daly's total federal income tax liability, including statutory interest and penalties, to be $246,895.28 as of January 10, 2005 for tax years 1983-89, 1993-97, and 1999.[1] Defendants dispute that the United States has demonstrated that this number is accurate.

Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any

---

[1] Because, according to the United States' brief, statutory interest and penalties accrue daily, and these accruals of statutory interest and penalties are not reduced to the form of assessments until the taxpayer makes payment, further interest and penalties will accrue.  (*See* Mem. Supp. Mot. Summ. J., at 4.)

material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The nonmoving party must set forth facts showing that there is a genuine issue for trial. The court views the record in the light most favorable to the party opposing the summary judgment motion. *Geoffrey E. MacPherson, Ltd. v. Brinecell, Inc.,* 98 F.3d 1241, 1245 (10th Cir. 1996). A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).

### Discussion

In my July 8, 2004 order, I agreed with the United States that it was entitled to judgment for Daly's unpaid tax liability; however, because of unexplained discrepancies regarding the United States' determination of his liabilities, I was not convinced that the United States had demonstrated the amount to which it was entitled to as a matter of law. Consequently, the sole remaining issue is whether the United States has provided an accurate basis for the ultimate judgment they seek, which it now attempts to do through the Andrews Declaration.

Defendants first argue that summary judgment is not proper because the United States failed to attach "the Declaration of IRS Technical Service Advisor Phil Dodge in Support of the Government's Supplemental Motion," referred to in the United States' January 31, 2005 certificate of service, thereby preventing them from having a fair opportunity to respond to the motion. The United States notes that the Certificate of Service erroneously referred to Phil Dodge, instead of Linda L. Andrews, as the

author of the declaration it served, and affirms that it did serve the Defendants with a copy of the Andrews Declaration. (Reply Supp. Mot. Summ. J., at 2 n.1.) Defendants obviously received a copy of the Andrews Declaration, as they refer to it in their response brief. Consequently, this argument fails.

Defendants next argue that the United States' motion must fail because of yet another typographical error by which the United States failed to correctly cite to all of the attachments to the Andrews Declaration. Despite this carelessness, the United States' papers sufficiently direct me to the relevant evidence, and this argument fails.

Defendants next argue that the United States' evidence is unreliable because it labels Daly's filing status as "married filing separate" for tax years 1983-85, years in which he was not married and filed his tax returns as "single." However, the United States responds that this is not a material fact; i.e., even assuming the filing status is incorrectly identified in its records, that does not impact the amount of Daly's tax liability. Although Defendants filed a surreply (without seeking leave of court to do so), they do not dispute this, but continue to argue that the mistake renders the United States' evidence facially unreliable. I disagree that such a mistake–absent a showing that it would impact the amount of Daly's tax liability–is probative as to the accuracy of the United States' calculations.

Defendants argue that the exhibits attached to the Andrews Declaration are not "official records," and therefore may not be relied upon by the United States. However, as found in my July 2004 order, the United States has already tendered official

Certificates of Assessment establishing its prima facie case.  (July 8, 2004 order, at 4.)  The United States now seeks to quantify the judgment it is entitled to, and offers exhibits which are properly authenticated under Fed. R. Evid. 901 and appropriate summary judgment evidence under Fed. R. Civ. P. 56(e).  Defendants provide no reason why the United States should be required, differently from any other party, from demonstrating the amount of damages due through official records.

Defendants next argue that, based on discrepancies between numbers in the Andrews Declaration and the exhibits attached thereto, the United States has not reliably demonstrated entitlement to judgment in a sum certain.  For instance, they note that for tax year 1983, the Andrews Declaration indicates accrued penalties of $0.00, and yet the Exhibit A-1 notes in the transaction record penalty assessments including $510.13 for an estimated tax penalty, $2,117.82 for a late filing penalty, and $1,564.89 for two failure to pay tax penalties.  However, the United States provides explanations for the discrepancies, noting that Defendants are misreading Exhibit A-1 (and the corresponding exhibits for the following tax years) by failing to account for subsequent payments, overpayment credits, and other entries in the calculation.  The United States' argument is corroborated by the fact that adding and subtracting all the transactions in Exhibit A-1, for instance, results in an account balance of $70, which is the same number both Exhibit A-1 and the Andrews Declaration identify as the account balance for tax year 1983.  Furthermore, although Defendants note a discrepancy in penalty amounts between the first and third exhibits relating to every

tax year,[2] in her declaration, Andrews explains that, because the calculations in the third exhibit were calculated through January 27, 2005, they are slightly higher than those in the first exhibit, which were calculated only through January 10, 2005. (Andrews Decl., ¶ 5.)  Defendants present no evidence or calculation disputing the United States' explanations, and I find therefore that the United States has properly demonstrated the entire amount of Daly's tax liability though January 10, 2005; it has demonstrated that there are no genuine issues of material fact; it has utilized an accurate basis for quantifying Daly's tax liability; and it is entitled to judgment as a matter of law.

Accordingly, it is ordered:

1. Plaintiff's supplemental motion for summary judgment, filed January 31, 2005 (Docket # 58), is granted, as described below.

2. Judgment shall enter in favor of the United States and against Richard P. Daly in the amount of $246,895.28 as of January 10, 2005, together with interest and penalties that have thereafter accrued, as prescribed in, inter alia, 26 U.S.C. §§ 6601, 6621, 6651, 6654, 6662(e), and subtracting any payments made subsequent to January 10, 2005.

3. Plaintiff may have its costs.

---

[2] For instance, whereas Exhibit B-1 reflects tax penalties in the amount of $787.79, Exhibit B-3 reflects tax penalties in the amount of $804.90.

4. Plaintiff shall submit a proposed order of foreclosure and decree of sale concerning the property subject to its liens.

DATED at Denver, Colorado, on August 17, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge