**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO.  02-cv-2302-WDM-BNB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RICHARD P. DALY, et al.,

        Defendants.

---

**ORDER OF JUDICIAL FORECLOSURE**

---

Pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, this Order of Judicial Foreclosure is entered as follows:

1.    This action was commenced to enforce federal tax liens against certain real property, which bears the legal description:

> LOT 11,
> BLOCK 1,
> HUTCHINSON HILLS FILING NO. 14,
> CITY AND COUNTY OF DENVER
> STATE OF COLORADO

and is more commonly know as 2961 S. Magnolia Way, Denver, Colorado 80224

(hereinafter the "Property").

2.    The United States has valid liens against the Property.

-1-

3.     Section 7403 of the Internal Revenue Code, Title 26, United States Code, entitles the United States to enforce its liens against the Property in order to apply the proceeds towards the federal tax liabilities of Richard P. Daly.

4.     The United States' liens against the Property are hereby foreclosed.

5.     The Internal Revenue Service is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale the Property described above.  This order shall act as a special writ of execution and no further orders or process from the Court shall be required.

6.     The Internal Revenue Service is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property, until the deed of the Property is delivered to the ultimate purchaser.

7.     The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

8.     The public sale of the Property shall be held either at the courthouse of the county in which the realty is located, or on the premises.

9.     The date and time for sale are to be announced by the Internal Revenue Service.

10.     Notice of the sale shall be published once a week for at least four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Denver County, where the realty is situated, and at the discretion of the Internal Revenue Service, by any other notice that it deems appropriate. The notice shall contain a description of the Property and shall contain the essential terms and conditions of sale in this Order of Judicial Sale.

11.     The minimum bid for the Property shall be ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00). If the minimum bid is not met or exceeded, the Internal Revenue Service may, without further order of the Court, adjourn the sale of the Property to a future date and hold such sale under the same terms and conditions set forth in this Decree of Foreclosure and Order of Sale and, if necessary, reduce the minimum bid.

12.     The successful bidder shall be required to deposit at the time of sale with the Internal Revenue Service a minimum of twenty (20) percent of his or her bid, with the deposit to be made by cashiers or certified check made payable to "United States Treasury". Before being permitted to bid at the sale, bidders shall display to the Internal Revenue Service proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the required deposit.

13.     The balance of the purchase price for the Property is to be paid to the Internal Revenue Service by certified or cashier's check on or before 5 p.m. of the

tenth business day after the bid is accepted.  If the bidder fails to fulfill this

requirement, the deposit shall be forfeited and shall be applied to cover the

expenses of the sale, including, but not limited to, any costs incident to resale, with

any amount remaining to be applied to the outstanding tax liability of Richard P. Daly.

The Property again may be offered for sale under the terms and conditions of this

Order of Judicial Sale, or the Property may be offered to the second highest bidder

under the terms and conditions set forth in this Order of Judicial Sale.

14.     The sale of the Property shall be subject to confirmation by the Court.

On confirmation of the sale of the Property, and receipt of payment in full, the Internal

Revenue Service shall execute and deliver a Certificate of Sale and Deed conveying

the Property to the purchaser. Upon confirmation of the sale, any and all interests in,

liens against and claims of Richard P. Daly, or any of his agents, trustees or

representatives, as well as the federal tax liens asserted by the United States in the

above-captioned case are discharged and extinguished.

15.     The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without

right of redemption.  Possession of the Property sold shall be yielded to the

purchaser upon the production of a copy of the Certificate of Sale and Deed, and if

there is a refusal to so yield, a Writ of Assistance may, without further notice, be

issued by the Clerk of this Court to compel delivery of the Property to the purchaser.

16.     Until the sale date, defendants Richard P. Daly and Magnolia Real

Estate Investment Company shall take all reasonable steps necessary to preserve

-4-

the Property (including all buildings, improvements, and fixtures) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the Property.  They shall not commit waste against the Property, nor shall they cause or permit anyone else to do so.  They shall not do anything that tends to reduce the value or marketability of the Property, nor shall they cause or permit anyone else to do so.  The defendant shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction.

17.     Richard P. Daly and any other persons occupying the subject property shall leave the property permanently within 30 days of the date of this Order of Judicial Sale, unless the United States agrees otherwise in writing.  Each shall take with them their personal property, but leave all improvements, buildings, fixtures, and appurtenances.  If any person occupying the Property fails or refuses to leave and vacate the Property by the time specified in this order, the U.S. Marshal and his deputies and/or the Internal Revenue Service are authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons.  If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the subject property is deemed forfeited and abandoned.  The Internal Revenue Service is authorized to remove and dispose of such personal property in whatever manner

-5-

the Internal Revenue Service sees fit, including sale with the proceeds applied first to the expenses of sale and the remainder to the tax liabilities giving rise to the liens upon which foreclosure is hereby ordered.

18.     After the sale is confirmed by this Court, the Internal Revenue Service shall distribute the amount paid by the purchaser as follows:

a.      First, to the Internal Revenue Service, an amount sufficient to cover the expenses of the sale, including the costs of any actions taken to secure or maintain the Property pending the sale and confirmation by the Court;

b.      Second, to Denver County, Colorado for any real property taxes or special assessments matured and payable with respect to the Property;

c.      Third, to the United States, to be applied to the unpaid federal tax liabilities of Richard P. Daly for the periods at issue in this proceeding;

d.      Fourth, to the United States to cover its expenses in prosecuting this matter;

e.      Fifth, any remaining amount shall be paid to any additional federal tax liabilities of Richard P. Daly; and

f.      Sixth, any remaining amount shall be paid to Richard P. Daly, and if Richard P. Daly cannot be located, then any remaining

amount shall be deposited into the registry of the Court for

further disposition.

IT IS SO ORDERED.  The Clerk is directed to send copies of this Order to

counsel.

DATED at Denver, Colorado, on September 29, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge

Respectfully submitted,

JOHN W. SUTHERS
United States Attorney

MARK S. PESTAL
Assistant United States Attorney

 /s/ Richard A. Latterell
JEFFREY S. SWYERS
RICHARD A. LATTERELL
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6507
          (202) 307-6422

Attorneys for the United States

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 22nd day of September, 2005, the

undersigned

electronically emailed to the Court's Deputy Clerk the foregoing [PROPOSED]

ORDER OF JUDICIAL FORECLOSURE.  It is further certified that, on this same date,

I sent a copy of the foregoing, via United States Mail, in a postage prepaid envelope,

to the following:

1.     Richard P. Daly
       2961 S. Magnolia Way
       Denver, CO 80224-2756
       (303) 758-4445


                                        /s/ Richard A. Latterell
                                        RICHARD A. LATTERELL
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice